

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-3159

May 12, 2023

**Via CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

    RE:    *Donovan v. Vance*, No. 22-35474 (9th Cir.)

Dear Ms. Dwyer:

This appeal concerns challenges to two executive orders that had required certain federal contractor employees and certain federal employees to be vaccinated against COVID-19. On May 1, 2023, the White House issued a statement announcing that, at the end of the day on May 11, 2023, it would "end the COVID-19 vaccine requirements for Federal employees[ and] Federal contractors" that are the subject of this appeal. Press Release, White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/8DSB-4NPP.[1] This Court

---

[1] The May 1 announcement is attached as Exhibit A.

subsequently ordered the parties to submit supplemental briefs "addressing whether this case will become moot if the President rescinds or terminates the vaccine mandates." Order 6 (May 2, 2023).

Consistent with the May 1 announcement, the President on May 9 issued an executive order that, effective May 12, revoked the executive orders imposing the vaccination requirements and specified that agency policies premised on those orders no longer may be enforced and shall be rescinded consistent with applicable law. *See Executive Order on Moving Beyond COVID-19 Vaccination Requirements for Federal Workers*, White House (May 9, 2023), https://perma.cc/G58V-HQQT (Revocation EO).[2] Pursuant to the May 9 order, the Safer Federal Workforce Task Force (Task Force) has revoked all guidance implementing the now-rescinded executive orders. This case is therefore moot. Plaintiffs are no longer subject to the vaccination requirements they challenged, the executive orders are no longer able to be enforced, and the purpose of the appeal no longer exists. There also is no basis for applying either of the exceptions to the mootness doctrine. Accordingly, this Court should dismiss this appeal as moot.

---

[2] The Revocation EO is attached as Exhibit B.

**A.     Background**

**1.**  On September 9, 2021, President Biden issued two executive orders to address COVID-19's impact on federal contractors and employees.  *See* Exec. Order No. 14042, 86 Fed. Reg. 50,985 (Sept. 14, 2021) (Contractor EO); Exec. Order No. 14043, 86 Fed. Reg. 50,989 (Sept. 14, 2021) (Employee EO). The Employee EO directed federal agencies to require their employees to be vaccinated against COVID-19.  The Contractor EO directed agencies to incorporate into certain government contracts a clause imposing COVID-19 workplace safety protocols specified by the Task Force, including a vaccination requirement for the contractors' employees.

**2.**  Plaintiffs are 314 individuals who work or worked at the Hanford nuclear site, either as federal employees or contractor employees.  Plaintiffs filed this suit in November 2021, seeking injunctive and declaratory relief based on various substantive and procedural challenges to the executive orders.  The district court denied plaintiffs' request for preliminary injunctive relief, concluding that plaintiffs were unlikely to prevail on the merits of their claims. *See Donovan v. Vance*, 576 F. Supp. 3d 816 (E.D. Wash. 2021).

Plaintiffs did not appeal the district court's interlocutory order.  Instead, they filed a first and later a second amended complaint.  *Donovan v. Biden*, 603 F. Supp. 3d 975 (E.D. Wash. 2022).  The district court granted the government's motion to dismiss the second amended complaint.  The court concluded that

3

the vast majority of plaintiffs failed to establish subject-matter jurisdiction because they did not show that they faced a sufficiently imminent threat of adverse employment action due to failure to comply with the orders. *Id.* at 982. The court rejected on the merits the claims of the seven contractor-employee plaintiffs who had demonstrated a sufficiently concrete injury, holding that they failed to state claims under the Religious Freedom Restoration Act (RFRA) because they did not "identify the religious activities they were engaged in, or how those activities were substantially burdened." *Id.* at 984. The court further concluded that the President did not exceed his authority in issuing the Contractor EO and that the plaintiffs failed to show that the issuance of the order violated any applicable procedural requirements. *Id.* at 983. The court declined to afford plaintiffs a "third opportunity to amend" given their "continued failures to address the shortcomings in their various pleadings." *Id.* at 985.

Plaintiffs filed this appeal. The matter has been fully briefed and was set for argument on May 8, 2023.

**3.** On May 1, 2023, the White House issued a statement announcing that at the end of the day on May 11, 2023, it would "end the COVID-19 vaccine requirements for Federal employees[ and] Federal contractors" that are the subject of this appeal. Ex. A, at 1. In light of the May 1 announcement, this Court removed the case from the argument calendar, held the case in

abeyance, and ordered supplemental briefing on the question whether the case would be rendered moot once the orders are rescinded. Order 6 (May 2, 2023).

**4.** On May 9, 2023, President Biden issued an executive order formally revoking the Contractor and Employee EOs, effective at 12:01 a.m. eastern daylight time on May 12, 2023. *See* Ex. B §§ 2, 3. The Revocation EO also specified that "[a]gency policies adopted to implement [the Contractor or Employee EO], to the extent such policies are premised on those orders, no longer may be enforced and shall be rescinded consistent with applicable law." *Id.* § 2.

Pursuant to the Revocation EO, the Task Force announced that, effective May 12, "all prior guidance from the Safer Federal Workforce Task Force implementing the requirements of" the Contractor and Employee EOs "has also been revoked." *What's New?*, Safer Federal Workforce Task Force (May 12, 2023), https://perma.cc/QY4J-9GQE.

**B.  Discussion**

**1.** "A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case." *NASD Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007). Because no live controversy remains when the court cannot grant effectual relief to the prevailing party, the "general rule [is] that, if a challenged law is repealed or expires, the case becomes moot." *Arc of Cal. v. Douglas*, 757 F.3d 975, 982 (9th

5

Cir. 2014) (cleaned up). After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). In other words, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Consistent with these principles, this Court and other courts of appeals have routinely dismissed as moot challenges to COVID-19 policies, like the executive orders, that have been rescinded over the course of the pandemic. In *Brach v. Newsom*, 38 F.4th 6 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854 (2023), for example, the plaintiffs asked this Court to determine whether California state officials violated federal law when they ordered schools to suspend in-person instruction in 2020 and early 2021. *Id.* at 9. By the time this Court decided the case, California had rescinded its orders in response to the improving public health situation, and there was no longer "any state-imposed barrier to reopening for in-person instruction." *Id.* "Joining the reasoning of the many other circuits that have recently considered challenges to early COVID-19 related restrictions," this Court dismissed the appeal as moot and held that the "mere *possibility* that California might again suspend in-person instruction [wa]s too remote to save this case." *Id.*; *see also id.* at 11-12, 12 n.3

6

(citing other decisions).

The Court should follow that practice now that the vaccination requirements plaintiffs challenged are no longer in place. Because the President has rescinded the executive orders and prohibited enforcement of agency policies premised on them, and the Task Force has also rescinded all relevant guidance implementing the orders, there is no "effective relief that can be granted by the court." *Brach*, 38 F.4th at 11. As in *Brach*, plaintiffs here sought declaratory judgments that the executive orders were unlawful and an injunction against the implementation of executive orders. *See* 2-ER-119 (seeking "[a] Declaration" that the executive orders "are unconstitutional" and a "Temporary Restraining Order and Preliminary Injunction enjoining adverse employment action against the Employees through any implementation of workplace policies mandating COVID-19 vaccination pursuant to" the executive orders).[3] But since the President has rescinded the challenged

---

[3] Plaintiffs also state that "[a]bsent declaratory or injunctive relief," they are entitled to "judgment in favor of each Plaintiff for liability and damages to be determined by a jury of twelve." 2-ER-119. To the extent plaintiffs intend to bring a claim for damages against these federal officers (who are sued in their official capacities, *see* 2-ER-26), they are foreclosed from doing so. The government has not waived sovereign immunity for monetary damages under RFRA or any of plaintiffs' statutory causes of action. *See Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012) (RFRA); 5 U.S.C. § 702 (APA waiver of sovereign immunity applies to actions "seeking relief other than money damages"). And no *Bivens* remedy is available against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994).

executive orders, there is "no longer any [executive] order[s] for the court to declare un[lawful] or to enjoin." *Brach*, 38 F.4th at 11. In short, "[t]he actual controversy," to the extent it ever existed, has "evaporated." *Id.*

**2.** Courts have recognized only two limited exceptions to these mootness principles—neither of which applies here.

A case is not necessarily rendered moot if the controversy is abated by a private defendant's voluntary cessation of the challenged activity. *See Board of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (en banc). This Court, however, "treat[s] the voluntary cessation of challenged conduct by government officials with more solicitude than similar action by private parties." *Id.* (cleaned up). The government is entitled to "a presumption of good faith," and the mootness exception applies only if the challenged behavior can "reasonably be expected to recur." *Brach*, 38 F.4th at 12-13 (quoting *Already, LLC*, 568 U.S. at 96).

There is no basis for concluding that the President would reissue the executive orders now that he has formally revoked them. The executive orders are not being revoked in response to litigation; rather, as the Revocation EO and White House announcement explain, they are being revoked along with several other pandemic-related orders, consistent with the ending of the COVID-19 public health emergency on May 11, 2023 and in recognition that the circumstances of the pandemic have changed dramatically since these

8

requirements were issued in September 2021. Ex. A, at 1; Ex. B § 1. "[W]e are no longer in the acute phase of the COVID-19 pandemic," the Revocation EO explains. Ex. B § 1. "[O]ver 270 million Americans" have now received at least one shot of the COVID-19 vaccine, and since September 2021, "COVID-19 deaths have declined by 93 percent, and new COVID-19 hospitalizations have declined by 86 percent." *Id.* "Our healthcare system and public health resources throughout the country," moreover, "are now better able to respond to any potential surge of COVID-19 cases without significantly affecting resources or care." *Id.* "Considering this progress, and based on the latest guidance from our public health experts," the President has determined that "we no longer need a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors." *Id.* Where, as here, changed factual circumstances prompt the revocation of a government policy, courts have routinely concluded that the voluntary cessation exception to mootness is inapplicable. *See, e.g., Resurrection Sch. v. Hertel*, 35 F.4th 524, 529 (6th Cir. 2022) (en banc) (concluding that challenge to COVID-19 masking order was moot where order was rescinded in response to "high vaccination rates, low case counts, new treatment options, and warmer weather").

That the public health situation and its effect on federal contractors and employees might change again in the future is not grounds for concluding that

9

this case presents a live controversy. "[T]his speculative contingency" about potential future COVID-19 developments and "the fact the [President] has the power to issue executive orders cannot itself be enough to skirt mootness, because then no suit against the government would ever be moot." *Brach*, 38 F.4th at 14 (quotation marks omitted). "Reasonable expectation means something more than a mere physical or theoretical possibility." *Id.* (quotation marks omitted). "[T]here must be evidence indicating that the challenged policy likely will be reenacted." *Id.* (cleaned up). No such evidence exists here where the President has revoked the orders in light of the changed factual circumstances surrounding the pandemic.

Moreover, even if there were some basis for concluding that the President would in the future issue a similar executive order, any future order likely would not present substantially the same legal controversy as the one originally presented here. The President issued the Contractor EO pursuant to the Procurement Act, which authorizes the President to prescribe policies and directives that bear a close nexus or a reasonable relationship to the Act's stated goals of establishing an economic and efficient procurement system. *See* 40 U.S.C. §§ 101, § 121; *see also Mayes v. Biden*, __ F.4th __, 2023 WL 2997037, at *14-16 (9th Cir. Apr. 19, 2023). Determining whether a particular order satisfies that test is inherently context-dependent and requires evaluation of all relevant facts. Plaintiffs' RFRA claims are likewise fact dependent because they

10

require analysis of whether a particular policy is incompatible with the plaintiff's sincere religious beliefs and whether that policy, as applied to each plaintiff, advances a compelling governmental interest. *Cf. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 430-31 (2006) ("RFRA requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'"). Given the context-dependent nature of these inquiries, there is no reason to conclude that any future executive order will be "similar" enough to the rescinded executive orders to present substantially the same legal controversy as the one presented by the plaintiffs' complaint. *Northeastern Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 662 n.3 (1993); *Akina v. Hawaii*, 835 F.3d 1003, 1010-11 (9th Cir. 2016) (per curiam) (voluntary-cessation exception inapplicable where "it is unclear what shape" any future election "would take").

Mootness is also subject to an exception when the underlying controversy between the parties is "capable of repetition, yet evading review." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (quotation marks omitted). This Court, however, applies that exception "sparingly[] and only in exceptional situations." *Id.* at 836-37 (quotation marks omitted). This case does not present any such situation.

Two criteria, in particular, must be satisfied for the exception to apply: (1) "there must be a reasonable expectation that the same complaining party

11

will be subject to the same injury again"; and (2) the injury "must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *Center for Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007) (quotation marks omitted). This case fails on both criteria.

First, for the reasons already explained, it is not reasonable to expect that the President will reissue the executive orders and that plaintiffs will once again be subject to the same vaccination requirements. Any chance of reissuance is speculative at best, particularly given the dramatically changed circumstances of the pandemic. And, as noted above, any future executive order would require different analysis under the context-specific legal standards at issue in this case. *See supra* pp. 10-11.

Second, even if the President did reissue the executive orders, there is no reason to think that the orders would be in place for so short a period of time that the controversy between the parties would necessarily "become moot before federal court litigation is completed." *West Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 705 (9th Cir. 2011) (quotation marks omitted). This exception "is concerned . . . with classes of cases that, absent an exception, would *always* evade judicial review." *Protectmarriage.com-Yes on 8*, 752 F.3d at 836. There is no basis for concluding that these challenges fall within that class of cases. To the contrary, the executive orders at issue were in

12

place for almost 20 months and challenges to those orders were reviewed and decided by several different courts of appeals before the President revoked them.

                                        Sincerely,

                                        */s/ Anna O. Mohan*

                                        Anna O. Mohan  
                                        U.S. Department of Justice  
                                        Appellate Staff,  
                                        Civil Division

cc:     All counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of this Court's May 2, 2023 Order because it contains 2760 words. This letter also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Anna O. Mohan*
Anna O. Mohan

# EXHIBIT A

5/12/23, 8:41 AM

The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International …

Case: 22-35474, 05/12/2023, ID: 12714662, DktEntry: 47, Page 16 of 20

MAY 01, 2023

# The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities

In 2021, the Biden-Harris Administration announced COVID-19 vaccination requirements to promote the health and safety of individuals and the efficiency of workplaces, protecting vital sectors of our economy and vulnerable populations. Since January 2021, COVID-19 deaths have declined by 95%, and hospitalizations are down nearly 91%. Globally, COVID-19 deaths are at their lowest levels since the start of the pandemic. Following a whole-of-government effort that led to a record number of nearly 270 million Americans receiving at least one shot of the COVID-19 vaccine, we are in a different phase of our response to COVID-19 than we were when many of these requirements were put into place.

*Today, we are announcing that the Administration will end the COVID-19 vaccine requirements for Federal employees, Federal contractors, and international air travelers at the end of the day on May 11, the same day that the COVID-19 public health emergency ends. Additionally, HHS and DHS announced today that they will start the process to end their vaccination requirements for Head Start educators, CMS-certified healthcare facilities, and certain noncitizens at the land border. In the coming days, further details related to ending these requirements will be provided.*

Our Administration's vaccination requirements helped ensure the safety of workers in critical workforces including those in the healthcare and education sectors, protecting themselves and the populations they serve, and strengthening their ability to provide services without disruptions to operations. The Federal government successfully implemented requirements for its workforce in a way that increased vaccination to achieve 98% compliance, reflecting employees who had received at least one dose of a vaccine or had a pending or approved exception or extension request filed by January 2022. We also put in place vaccination requirements for certain international travelers to slow the spread of new variants entering the country and to allow our healthcare system time to effectively manage access to care if faced with an increase in cases and hospitalizations.

5/12/23, 8:41 AM	The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International …

Case: 22-35474, 05/12/2023, ID: 12714662, DktEntry: 47, Page 17 of 20

Our COVID-19 vaccine requirements bolstered vaccination across the nation, and our broader vaccination campaign has saved millions of lives. We have successfully marshalled a response to make historic investments in broadly accessible vaccines, tests, and treatments to help us combat COVID-19. While vaccination remains one of the most important tools in advancing the health and safety of employees and promoting the efficiency of workplaces, we are now in a different phase of our response when these measures are no longer necessary.

###

# EXHIBIT B

5/12/23, 8:32 AM    Executive Order on Moving Beyond COVID-19 Vaccination Requirements for Federal Workers | The White House

Case: 22-35474, 05/12/2023, ID: 12711662, DktEntry: 47, Page 19 of 20

MAY 09, 2023

# Executive Order on Moving Beyond COVID-19 Vaccination Requirements for Federal Workers

By the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered as follows:

Section 1.  Policy.  In 2021, based on the best available data and guidance from our public health experts, I issued Executive Order 14043 of September 9, 2021 (Requiring Coronavirus Disease 2019 Vaccination for Federal Employees), to direct executive departments and agencies (agencies) to require coronavirus disease 2019 (COVID-19) vaccination for their employees, and Executive Order 14042 of September 9, 2021 (Ensuring Adequate COVID Safety Protocols for Federal Contractors), to ensure that Federal contractors and subcontractors have adequate COVID-19 safety protocols.  I issued those orders at a time when the highly contagious B.1.617.2 (Delta) variant was the predominant variant of the virus in the United States and had led to a rapid rise in cases and hospitalizations.  Those orders were necessary to protect the health and safety of critical workforces serving the American people and to advance the efficiency of Government services during the COVID-19 pandemic.  Following issuance of those orders, my Administration successfully implemented a vaccination requirement for the Federal Government, the largest employer in the Nation, achieving a 98 percent compliance rate (reflecting employees who had received at least one dose of the COVID-19 vaccine or had a pending or approved exemption or extension request) by January 2022.  More broadly, my Administration has effectively implemented the largest adult vaccination program in the history of the United States, with over 270 million Americans receiving at least one dose of the COVID-19 vaccine.

Following this important work, along with continued critical investments in tests and therapeutics that are protecting against hospitalization and death, we are no longer in the acute phase of the COVID-19 pandemic, and my Administration has begun the process of ending COVID-19 emergency declarations.  Our public health experts have issued guidance that allows individuals to understand mitigation measures to protect themselves and those around them.  Our healthcare system and public health resources throughout the country are now better able to respond to any potential surge of COVID-19 cases without significantly affecting access to resources or care.  Since September 2021, COVID-19 deaths have declined by

5/12/23, 8:32 AM   Executive Order on Moving Beyond COVID-19 Vaccination Requirements for Federal Workers | The White House

Case: 22-35474, 05/12/2023, ID: 12714662, DktEntry: 47, Page 20 of 20

93 percent, and new COVID-19 hospitalizations have declined by 86 percent.  Considering this progress, and based on the latest guidance from our public health experts, we no longer need a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors.  Vaccination remains an important tool to protect individuals from serious illness, but we are now able to move beyond these Federal requirements.

   Sec. 2.  Revocation of Vaccination Requirements.  Executive Order 14042 and Executive Order 14043 are revoked.  Agency policies adopted to implement Executive Order 14042 or Executive Order 14043, to the extent such policies are premised on those orders, no longer may be enforced and shall be rescinded consistent with applicable law.

   Sec. 3.  Effective Date.  This order is effective at 12:01 a.m. eastern daylight time on May 12, 2023.

   Sec. 4.  General Provisions.  (a)  Nothing in this order shall be construed to impair or otherwise affect:

      (i)   the authority granted by law to an executive department or agency, or the head thereof; or

      (ii)  the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

   (b)  This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

   (c)  This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

JOSEPH R. BIDEN JR.

THE WHITE HOUSE,
    May 9, 2023.