

8201 164th Ave. NE, Suite 200
Redmond, WA 98052
113 Woodin Avenue, Suite 200
Chelan, WA 98816 (non-service address)

**Via CM/ECF Electronic Filing System**

May 12, 2023

Molly C. Dwyer, Clerk of the Court
Ninth Circuit Court of Appeals

Re:   *David Donovan, et al., v. Brian Vance, et al.*, Case No. 22-35474
      Appellants' Supplemental Brief Regarding Potential Mootness

Dear Clerk:

The matter is not moot; it remains a live case and controversy, notwithstanding Appellee President Joseph R. Biden's declaration that the nationwide COVID-19 state of emergency will terminate on May 11, 2023. The Supreme Court has stated that:

> even if the government withdraws or modifies a COVID restriction in the course of litigation, that does not necessarily moot the case. And so long as a case is not moot, litigants otherwise entitled to emergency injunctive relief remain entitled to such relief where the applicants 'remain under a constant threat' that government officials will use their power to reinstate the challenged restrictions.

*Tandon v. Newsom*, 141 S. Ct. 1294, 1297, 209 L. Ed. 2d 355, 358 (2021) (citing *Roman Catholic Diocese*, 141 S. Ct. 63, 68, 208 L. Ed. 2d 206 (2020)). Because Appellants remain at risk of negative employment action, including and up

May 12, 2023
Page 2

to termination, and because the violation of individual religious rights is a compensable injury, Appellants remain entitled to have the case heard, including their request for relief. Additionally, neither the recent decision from the three- panel of this Circuit nor the pending application for vacation of that decision impact the live nature of this matter.[1]

Appellees have not relinquished their emergency authority but have insisted for the past three years that new threats, such as new COVID-19 variants, remain on the horizon, and have maintained the Executive Orders (EO), 14042 and 14043, challenged herein. Appellees have sought to moot Appellants' claims for discrimination by: (1) stating that they have not enforced the EOs against Appellants (Appellees Br. 11, Dkt. No. 28 (citing 2-ER-151 – 52)); and (2) citing the President's declaration that the COVID-19 state of emergency will terminate on May 11, 2023.[2]

---

[1] Appellants offer awareness of two related, but not controlling matters, as follows: (1) the three-judge panel in this Circuit in *Mayes v. Biden*, No. 22-15518 (9th Cir., April 19, 2023) recently dissolved the District Court of Arizona's permanent injunction on Executive Order 14042 on other grounds (primarily the Federal Procurement Act); and (2) the Emergency Application filed to Justice Kagan of the United States Supreme Court to vacate the stay issued in *Mayes v. Biden*. *See: Fifty Sixth Arizona Legislature v. Biden* (April 25, 2023).

[2] Executive Office of the President, Office of Management and Budget. *Statement of Administrative* Policy, HR 382 and H.J. Res. 7, January 30, 2023. Available at:

May 12, 2023
Page 3

Nonetheless, no Appellee, including President Joseph R. Biden, the lone person in the United State of America with authority to rescind an Executive Order, has taken action to rescind the challenged EOs. Until the challenged EOs are rescinded, Appellants remain at risk of *further* violation of their religious rights and risk loss of employment for exercising the same. Moreover, as the United States Supreme Court has long held "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690, 49 L. Ed. 2d 547, 565 (1976); *see also TGP Communs., Ltd. Liab. Co. v. Sellers*, No. 22-16826, 2022 U.S. App. LEXIS 33641, at *14-15 (9th Cir. Dec. 5, 2022) citing *Elrod* for said premise. Appellants' religious rights have been violated and continue to be violated, through Appellees' conditioning continued employment on receipt of a vaccine that violates their religious beliefs, leaving the case ripe.

The Court should reach the merits of Appellants' claims and hold that Appellees violated the Constitution and Appellants' protected religious liberties through the adoption and implementation of EOs 14042 and 14043, mandating that

---

https://www.whitehouse.gov/wp-content/uploads/2023/01/SAP-H.R.-382-H.J.-Res.-7.pdf. Last accessed: May 9, 2023.

May 12, 2023
Page 4

Appellants obtain a COVID-19 vaccination for continued employment with the United States, directly or indirectly.

**A. The Matter Before the Court Remains Live.**

A live controversy exists for which this Court can provide relief. Not only has Appellee Biden not rescinded the challenged EOs, but he has not indicated any such termination will be forthcoming. Importantly, here, while the Executive Orders, were promulgated under the COVID-19 state of emergency, they were not authorized *because* of the emergency, nor were they tied to the emergency itself. Rather the vaccination mandates promulgated under the guise of contracting efficiency (EO 14042, § 1) and health and safety of the federal workforce (EO 14043, § 1). Those concerns remain, or should remain constant for the United States government, whether in or out of a global pandemic. Importantly, Appellees retain an unknown – and unknowable to Appellants or the Court without further fact finding – ability to continue to discriminate against the "unvaccinated" population (including Plaintiffs) in their workplace, as they have done since the promulgation of the challenged Executive Orders. Since promulgation, the President could have rescinded the Executive Orders, but he has not. Appellees have claimed that the fact that the Executive Orders have not been enforced as a saving grace, but it is not. The

May 12, 2023
Page 5

EOs, themselves, are discriminatory and have harmed Appellants. For those reasons, the matter remains ripe and Appellees cannot do away with this matter because of the *voluntary cessation* and the *capable-of- repetition-yet-evading-review* legal exceptions to mootness.

### 1. "Voluntary Cessation" does not Moot the Matter.

A case does not become moot until "'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208, 63 L. Ed. 2d 479 (1980)). So long as the court retains the ability to "fashion some form of meaningful relief, then that is sufficient to prevent th[e] case from being moot." *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12-13 (1992); *and see Chafin v. Chafin*, 568 U.S. 165, 173 (2013) ("As long as parties have concrete interest, however small, in outcome of litigation, case is not 'moot.'"); *Mission Product Holdings, Inc. v. Tempnology, L.L.C.*, 139 S. Ct. 1652, 1660 (2019) ("Claims for money damages, if at all plausible, ensure a live controversy; for better or worse, nothing shows a continuing stake in a dispute's outcome as a demand for dollars and cents. U.S. Const. art. 3, § 2, cl. 1"). "If [plaintiff] is entitled to collect

May 12, 2023
Page 6

damages in the event that it succeeds on the merits, the case does not become moot even though declaratory and injunctive relief are no longer of any use." *McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1095-96 (9th Cir. 2004) (citing *Z Channel Ltd. P'ship v. Home Box Office, Inc.,* 931 F.2d 1338, 1341 (9th Cir. 1991)). Finally, when the government asserts mootness, it bears a "heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Rosebrock v. Mathis,* 745 F.3d 963, 971 (9th Cir. 2014). And if it is not "absolutely clear," courts may grant appropriate relief to prevent the defendant from returning to his old ways. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). In sum, this Court has also "long held that there is a strong public interest in the court's resolving important precedential issues, a public interest that militates against a finding of mootness in cases presenting such issues" leaving the Court "careful not to preclude effective judicial review of conduct that is arguably unconstitutional unless it is abundantly clear that such a result is required." *Armster v. U.S. Dist. Ct. for Cent. Dist. of California*, 806 F.2d 1347, 1360 (9th Cir. 1986).

      Here, the Court can issue relief, the relief requested by Plaintiffs nearly two years ago: enjoin Defendants from action, issue damages for the discriminatory treatment Plaintiffs have suffered at the hands of Defendants, or the Court could

May 12, 2023
Page 7

remand the matter to the lower court for additional fact finding to allow Plaintiffs to support such claims. Regardless, Defendant Biden's termination of the COVID-19 state of emergency offers no support for the position that the Executive Orders have been terminated as they are not tied explicitly to the declaration of the Emergency.

> **2. This Matter is "Capable of Repetition" as COVID-19 still exists within the United States although it is allegedly more manageable with advancements of vaccines.**

"The Supreme Court has repeatedly found pandemic restrictions capable of repetition." *Brach v. Newsom*, 38 F.4th 6, 16 (9th Cir. 2022).

This Court has jurisdiction over an appeal where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Turner v. Rogers*, 564 U.S. 431, 439–40 (2011); *see also Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 786 (9th Cir. 2012) ("[I]f a particular plaintiff is likely to suffer the same or very similar harm at the hands of the same defendant," then that defendant "should not be permitted to escape responsibility"). Both elements exist. This Court has held that the exception to mootness as "a period of two years" is often "too short to complete judicial review of the lawfulness" of government action, and therefore a case, as is this case, that is

May 12, 2023
Page 8

completed in less than two years, meets the exception. *Kingdomware Technologies, Inc. v. United States,* 579 U.S. 162, 170 (2016) (citing *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 514-16 (1911)). In such cases, "plaintiff need not show that there is a 'demonstrated probability' that the dispute will recur…[but] whether the controversy was *capable* of repetition and not…that a recurrence of the dispute was more probable than not." *Honig v. Doe,* 484 U.S. 305, 318 n.6, 108 S. Ct. 592 (1988) (emphasis in original).

Here, Appellants filed a case challenging the EOs within months of their adoption as the EOs were adopted in September 2021 and Appellants filed the case with the lower court in November of 2021. Judge Rice, below, denied Appellants' request for injunctive and declaratory relief in December 2021 and ordered dismissal on the matter in May 2022 with no evidentiary hearing or other discovery opportunity. Additionally, over a period of three years the COVID-19 pandemic has shifted, although the Executive Orders have not; they've remained a fixture of the federal government since their adoption nearly two years ago. Moreover, COVID-19 has been managed, not eradicated, and the federal government has offered no work of reassurance that the EOs, or something similar would not be enacted in an uptick of COVID-19 cases. Thus, the challenged EOs remain capable of repetition.

May 12, 2023
Page 9

**B.     Appellants' RFRA Claims Remain Live.**

Appellants suffered a RFRA violation due to Appellees' sham religious accommodation process for which Congress explicitly created a cognizable right of action in a district court, 42 U.S.C. § 2000bb-1(c), which may award damages under *Tanzin v. Tanvir,* 141 S. Ct. 486 (2020). Appellants pleaded these RFRA violations and seek damages in their complaint. *See* 2-ER-096, 098 – 99, 119. Appellants have submitted evidence showing that Appellees' religious accommodation process was a sham with the overwhelming majority of Plaintiffs having received a religious exemption with no accommodation. *See* 2-ER-032 – 096.  Several Appellants aver that no individual assessment was completed in response to their request for COVID-19 vaccine religious accommodations, and Appellants' proffered evidence strongly supports this claim. *See, generally Id.* Appellants therefore have a right to have their RFRA claims heard and adjudicated to establish an award of damages for the entire set of Appellants who endured systemic violations of their First Amendment rights and as a result of the violations of RFRA. This alone defeats mootness and is sufficient to deny the Appellees' motion to dismiss. Finally, "a lawsuit – or an individual claim – becomes moot when a plaintiff *actually receives* all of the relief he or she could receive on the claim through further litigation." *Chen v. Allstate Ins.*

May 12, 2023
Page 10

*Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016). Here, Appellants have received no relief as the matter was quickly dismissed with prejudice. Moreover, as Appellants seek nominal damages, as available through RFRA, such a claim prevents dismissal on mootness: "[a]s a general matter, '[a] live claim for nominal damages will prevent a dismissal for mootness." *Altman v. Cnty. of Santa Clara*, No. 21-15602, 2022 U.S. App. LEXIS 35413, at *5-6 (9th Cir. Dec. 22, 2022) (citing *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002)); *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801-02, 209 L. Ed. 2d 94 (2021) (holding that nominal damages "satisf[y] the redressability element of standing" when a plaintiff's other prayers for relief fail).

Here, all but a few of the 314 Appellants sought an exemption from the vaccine mandate based on their sincere religious beliefs, and nearly all of those exemptions were nominally granted, albeit without accommodation, confirming that the Appellants had established the existence of a religious belief which would be burdened by accepting vaccination. *See* 2-ER-31–93. Simply put, "Appellants had suffered irreparable harm from being coerced into 'a choice between their job(s) and their jab(s),' *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021), or 'between their beliefs and their benefits,' *Sambrano*, 19 F.4th at 841 (Ho, J.,

May 12, 2023
Page 11

dissenting)." *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *8 (5th Cir. Feb. 17, 2022). Such a choice violates the protections afforded by RFRA: "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b)." 42 U.S.C. § 2000bb-1(a). RFRA does not offer the Government (or this Court) the power to evaluate the person's religious exercise. This was made clear by the Supreme Court in *Burwell v. Hobby Lobby*, where the Court held that an inquiry into the "whether the religious belief asserted in a RFRA case is reasonable" is a "question that the federal courts have no business addressing." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 724, 134 S. Ct. 2751, 189 L. Ed. 2d 675 (2014). Here, the **sincerity** of Appellants' religious beliefs preventing vaccination is implied by their allegations that they were granted exemptions, however nominally. The District Court's (and Appellees') demand that they further "identify" (*i.e.*, explain) their religious practice at issue defies *Burwell*.³

---

³ To be clear, an "exercise of religion" protected by RFRA may consist of inaction. The Supreme Court has long recognized that "a State would be 'prohibiting the free exercise [of religion]' if it sought to ban such acts *or abstentions* only when they are engaged in for religious reasons, or only because of the religious belief that they display." *Employment Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 877, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990) (emphasis added, bracketed text in original, quoting *U.S. Const. Amend. 1. Cl. 1*).

May 12, 2023
Page 12

Under these circumstances, Appellants' claims remain ripe, if for no other reason, than to address the RFRA claims inclusive of nominal damages available to Appellants.

Respectfully submitted,

*s/ Nathan J. Arnold*
*s/Simon Peter Serrano*
*Counsel for Appellants*

May 12, 2023
Page 13

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance

Instructions for this form: http://www.ca9.uscourts.gov/forms/form18instructions.pdf

**9th Cir. Case Number(s)　　22-35474**

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **2,693 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

**DATED** this 12th day of May 2023.

**ARNOLD & JACOBOWITZ PLLC**
*s/ Nathan J. Arnold*
Nathan J. Arnold, WSBA No. 45356
8201 164th Ave. NE, Suite 200
Redmond, WA 98052
(206) 799 – 4221
Nathan @CAJLawyers.com
*Counsel for Appellants*